

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,391-01

### EX PARTE LANEY PAUL BREWER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-65081-01-E IN THE 108TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to fifty-one years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Brewer v. State*, No. 07-14-00040-CR (Tex. App.—Amarillo Dec. 4, 2014).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review. The appellate decision was handed down December 4, 2014. Counsel states that he mailed, on December 8, 2014, a letter to Applicant with

the decision that explained Applicant's *pro se* PDR rights. Applicant states, however, that the letter was not received until January 8, 2015, and a copy of a Priority Mail envelope in the record addressed from counsel to Applicant is postmarked January 7, 2015.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve the disputed facts. In doing so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d), which shall include obtaining logs from Applicant's prison unit, if available, detailing his incoming legal mail from December 4, 2014, until January 10, 2015.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and that he has a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: August 26, 2015
Do not publish